# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Tyson | Civil Action No 6:19-cv-00726 |
| Versus | Judge Robert R Summerhays |
| Lafayette Police Department | Magistrate Judge Carol B Whitehurst |

## ORDER

Before the Court is (1) a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendants, Lafayette City-Parish Consolidated Government ("LCG") and Officer Philip Matthew Daspit, in his individual capacity as a police officer for LCG ("Daspit") [Rec. Doc. 9], Plaintiff, Christopher Liroy Tyson's ("Plaintiff" or "Tyson"), Memorandum in Opposition [Rec. Doc. 26] and Defendants' Reply [Rec. Doc. 27]; (2) a Motion to Dismiss Penalty, Punitive, or Exemplary Damages filed by ("LCG") and Daspit [Rec. Doc. 10] and Tyson's Opposition thereto [Rec. Doc. 19]; and (3) a Motion for Leave to File First Amended Complaint filed by Plaintiff [Rec. Doc. 20], Defendants' Opposition [Rec. Doc. 22] and Plaintiff's Reply [Rec. Doc. 25]. For the following reasons Plaintiff's Motion for Leave to File First Amended Complaint will be granted and the remaining Motions will be denied as moot, without prejudice to file

a motion to dismiss addressing only the claims in the Amended Complaint which remain at issue.

## I. BACKGROUND

Plaintiff filed this action asserting claims under 42 U.S.C. § 1983 and alleging (1) unlawful arrest and false imprisonment in violation of the Fourth Amendment, *R. 1, ¶¶23-33*; (2) excessive force under the Fourth and Fourteenth Amendments, *Id. at ¶¶34-51*; (3) malicious prosecution or unlawful confinement after legal process initiated in violation of the Fourth Amendment, *Id. at ¶¶52-66*, as well as Louisiana state law clams of false arrest, unlawful search, false imprisonment, intentional infliction of emotional distress, and malicious prosecution. *Id. at ¶67*. Plaintiff claims that he was arrested without probable cause, and that Officer Daspit's actions initiated malicious prosecution. *Id. at ¶68*.

In his Original Complaint Plaintiff alleges that after being found unresponsive at his residence on June 17, 2018, he was transported to a hospital emergency room via ambulance. While Plaintiff was in the emergency room with his girlfriend and mother, a male nurse became assertive with Plaintiff and his girlfriend. After the nurse ordered Plaintiff's girlfriend from the room, Plaintiff became vocally irate and struck a wall. Plaintiff was restrained by members of the hospital security. Thereafter, Officer Daspit of the Lafayette Police Department arrived on the scene. *Id. at ¶10.* Plaintiff alleges Officer Daspit forcefully kicked him "several times on

the face, arms and ribs" despite Plaintiff being completely restrained. *Id. at ¶¶10, 11. 12.* During the struggle Officer Daspit yelled, "Stop trying to get my knife out of my boot!" *Id. at ¶11.*

Officer Daspit arrested Plaintiff and booked him into the Lafayette Parish Detention Center on charges of (1) Disarming of a Police Officer through Use of Force or Threat of Force (felony), in violation of LA RS 14:34.6; (2) Public Intimidation: Use of Violence, 2 counts (felony), in violation of LA RS 14:122; (3) Simple Criminal Damage to Property (misdemeanor), in violation of LA RS 14:56; (4) Disturbing the Peace (misdemeanor), in violation of LA RS 14:103; and (5) Resisting an Officer (misdemeanor), in violation of LA RS 14:108. *Id. at ¶15.* The Commissioner of the Fifteenth Judicial District Court conducted a probable cause review on June 18, 2018 and set bail. Because of the felony charges, a probation revocation hold was placed on Plaintiff and he was incarcerated. *Id. at ¶16.*

On August 9, 2018 the Lafayette Parish District Attorney's Office filed a Bill of Information on all counts except the two felony counts of Public Intimidation charges, which it declined. *Id. at ¶17.* Later, the District Attorney's Office dismissed the last felony charge, Disarming of a Police Officer through Use of Force or Threat of Force, in violation of LA RS 14:34.6, because the statute in effect at that time

required that the weapon being taken must be issued to the officer by his agency and the knife in question was not so issued to Officer Daspit. *Id. at ¶¶18, 19.*

Plaintiff filed his complaint in this matter on June 10, 2019 (Rec. Doc. 1). On June 19, 2019, Defendants requested a stay pending the outcome of criminal proceedings against Plaintiff entitled, *State of Louisiana vs. Christopher Liroy Tyson*, Docket Number 167,951, 15th Judicial District Court, Parish of Lafayette, Louisiana. *R. 1, ¶¶5 & 6.* On September 12, 2019, Plaintiff entered a plea of Guilty to two of the misdemeanors, Simple Criminal Damage to Property, La. R.S. 14:56(B)(1), and Disturbing the Peace, La. R.S. 14:103, and the State dismissed the third misdemeanor charge, Resisting an Officer, La. R.S. 14:108. Plaintiff was sentenced to 73 days in parish jail on each count, with credit for time served.[1]

Defendants move to dismiss certain causes of action in Plaintiff's original complaint under Rule 12(b)(6) contending that these claims are barred by the *Heck* doctrine and/or fail to state a claim against Defendants. *R. 9.1.* Defendants also move to dismiss Plaintiff's punitive damages claims which they contend were made against all Defendants. *See*, *R. 10-1, p. 5.*

Plaintiff filed a motion for leave to file an amended complaint, *R. 20-2,* which makes the following substantive changes to the claims originally alleged: (1)

---

[1] The Court will refer to the facts in the Criminal proceeding and Plea Agreement in this ruling. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011) (it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record).

4

restating/clarifying that his punitive damages claims are only to Officer Daspit, sued only in his individual capacity, *id.,* ¶*5*; (2) First Claim – deleting "unlawful arrest and false imprisonment claims in violation of the Fourth Amendment" and alleging instead "unlawful seizure and confinement for felony offenses based upon false statements and fabricated evidence in violation of the due process clause of the Fourteenth Amendment, *Id. at § V,* ¶¶ *24-34*; and, (3) Third Claim – deleting "malicious prosecution of unlawful confinement after legal process initiated in violation of the Fourth Amendment" and alleging instead "unlawful initiation of legal process and confinement based upon false or fabricated evidence in violation of the due process clause of the Fourteenth Amendment", *id. at* ¶¶ *53-67*; and, (4) deleting the original state law cause of action for intentional infliction of emotional distress, *Id.,* ¶¶*75-78*.

Defendants oppose Plaintiff's motion for leave to file the amended complaint, contending that the *Heck* favorable termination rule precludes Plaintiff's cause of action for false arrest, false imprisonment, and malicious prosecution regardless of how these claims are styled.[2] Plaintiff argues that Officer Daspit had probable cause to arrest him for offenses that were committed before Officer Daspit's arrival at the hospital emergency room. *R. 20-2,* ¶*13*. Plaintiff argues that after Officer Daspit's

---

[2] The "favorable termination" requirement of *Heck* applies whenever "a judgment in favor of the plaintiff would necessarily imply" that his prior conviction or sentence was invalid. *Heck* at 487.

arrival, however, Officer Daspit used excessive force and made false statements that Plaintiff resisted him and tried to take his knife. Plaintiff sets out in his amended complaint that these events "deprived Plaintiff of his 'liberty' interest in freedom from bodily injury 'without due process of law' and constituted unlawful apprehension and initiation of legal process for false felony and misdemeanor offenses contrary to [the] Due Process Clause of the Fourteenth Amendment." *R. 25, p. 2.*

"It is well settled under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), and its Fifth Circuit progeny that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights unless: (1) the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated; or (2) can show that the alleged violation and the underlying conviction are separable and conceptually distinct." *Williams v. Town of Delhi*, 2015 WL 868746, at *3 (W.D.La.,2015) (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir.2008) and *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)). Thus, when confronted with a § 1983 claim, *Heck* requires the court to first consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard* at 396.

"However, a claim that excessive force occurred after the arrestee has ceased his or her interference would not necessarily imply the invalidity of a conviction for the earlier interference." *Payton v. Normand*, 599 Fed.Appx. 190, 192 (5th Cir. 2015) (quoting *Bush* at 498). The inquiry as to whether an excessive force claim is barred under *Heck* is "analytical and fact-intensive" and depends upon whether "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id*. If a § 1983 plaintiff asserts absolute innocence in his complaint with regard to the entire arrest encounter, and not merely to a divisible portion of it, the Fifth Circuit holds that the claim is necessarily inconsistent and inseparable from a related conviction and therefore barred by *Heck*. *Williams*, 2015 WL 868746, at *4.

In *Ballard* the Fifth Circuit held that a plaintiff's excessive force claim was conceptually distinct from his simple assault conviction and "could easily coexist with [the plaintiff's] conviction for simple assault ... without calling into question any aspect of that conviction." *Id.* at 401. The plaintiff in *Ballard* was shot by Deputy Burton during a confrontation with law enforcement officers. The plaintiff subsequently pleaded guilty to a simple assault charge against a different officer, Deputy Boling, therein admitting that he fired his rifle several times while near law enforcement officers putting Boling in fear. *Id.* at 397-98. The plaintiff then sued Burton for using excessive force. The appellate court concluded that *Heck* did not

bar the excessive force claim because the plaintiff's civil claim was both conceptually and factually distinct from his criminal conviction. *Id.* at 401. Critical to the court's decision was that the plaintiff's behavior satisfied the elements for simple assault against Boling, as charged in the indictment to which he pleaded guilty, both before and after Burton arrived at the scene. As a result, "[a] finding that Burton's use of force was unreasonable would imply neither that [the plaintiff] did not attempt by physical menace to put Boling in fear of imminent bodily harm, nor that [his] assault on Boling was in necessary self-defense." *Id.* at 400. *See also, Bush*, 513 F.3d at 499.

As *Ballard* demonstrates, a § 1983 claim would not necessarily imply the invalidity of a conviction such as resisting arrest, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. Here, Plaintiff alleges in his amended complaint that his claims of excessive force and false/fabricated evidence against Officer Daspit are separable from his conviction of property damage and disturbing the peace for which he alleges Officer Daspit had probable cause to arrest him. As such, the Court will grant Plaintiff's motion to amend. *See, Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir. 2011) (Where viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment.)

Based on the foregoing,

**IT IS ORDERED** that the Motion for Leave to File First Amended Complaint filed by Plaintiff, Christopher Liroy Tyson, [Rec. Doc. 20] is **GRANTED** and the Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted [Rec. Doc. 9] and the Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Rec. Doc. 10] filed by Defendants are **DENIED WITHOUT PREJUDICE** with the ability to re-urge under the allegations of the Amended Complaint.

**THUS DONE AND SIGNED** this 6th day of February, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE