## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

CHRISTOPHER LIROY TYSON          CASE NO.  6:19-CV-00726

VERSUS                           JUDGE SUMMERHAYS

PHILIP MATTHEW DASPIT ET AL      MAG. JUDGE WHITEHURST

## REPORT AND RECOMMENDATION

Pending before the Court, on referral from the district judge, is a Re-urged Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendants, Lafayette City-Parish Consolidated Government ("LCG") and Officer Philip Matthew Daspit, in his individual capacity as a police officer for LCG ("Officer Daspit") [Rec. Doc. 35], Plaintiff, Christopher Liroy Tyson's, Memorandum in Opposition [Rec. Doc. 41] and Defendants' Reply Memorandum [Rec. Doc. 44]. For the following reasons, the Court will recommend that Defendants' motion be granted in part for failure to state a claim under Rule 12(b)(6) and denied in part.

## I. BACKGROUND

Plaintiff filed this action on June 10, 2019 asserting claims under 42 U.S.C. § 1983 against Defendants, LCG and Officer Daspit. *R. 1*. Following Defendants' initial Motion To Dismiss this action, Plaintiff filed a Motion For Leave To Amend his complaint. In an order entered on February 7, 2020, the Court granted Plaintiff's motion to amend and denied Defendants' motion to dismiss without prejudice, with

the ability re-urge the motion after review of the allegations of the Amended Complaint. *R. 30.* Thereafter, Defendants filed the instant Re-urged Motion To Dismiss.

Plaintiff's Amended Complaint, *R. 31*, makes claims under 42 U.S.C. § 1983, alleging unlawful seizure and confinement in violation of the Fourteenth Amendment; claims of excessive force under the Fourth Amendment and Fourteenth Amendment; claims of unlawful arrest and confinement based on false evidence in violation of the Fourteenth Amendment, as well as Louisiana state law clams of false arrest and imprisonment, malicious prosecution and due process. Plaintiff claims that Officer Daspit arrested him without probable cause on the felony charges but concedes that probable cause existed for his arrest on the misdemeanor charges.

The facts according to Plaintiff's Amended Complaint are as follows. Plaintiff alleges he has been diagnosed with a bipolar and manic-depressive disorder and that "on occasion . . . he would act out in a negative way. . ." *R. 31, ¶7.* After consuming alcoholic beverages in a bar with friends, Plaintiff was found unresponsive at his residence on June 17, 2018. *Id. at ¶8.* He was transported to a hospital emergency room via ambulance. *Id.* Plaintiff alleges that while he was in the emergency room with his girlfriend and mother, a male nurse became assertive with him and his girlfriend. *Id. at ¶9.* After the nurse ordered Plaintiff's girlfriend from the room, Plaintiff became vocally irate and struck a wall. *Id.* Three hospital security guards

entered the room and attempted to restrain Plaintiff. They were able to put one handcuff on Plaintiff. Thereafter, Officer Daspit and two other officers of the Lafayette Police Department arrived on the scene. *Id. at ¶10.* Plaintiff alleges that while he was being restrained, Officer Daspit forcefully kicked him "several times on the face, arms and ribs." *Id. at ¶¶10-12.* During the struggle, Officer Daspit yelled, "Stop trying to get my knife out of my boot." *Id. at ¶11.*

Officer Daspit arrested and booked Plaintiff into the Lafayette Parish Detention Center on charges of (1) Disarming of a Police Officer through Use of Force or Threat of Force (felony), in violation of La R.S. 14:34.6; (2) Public Intimidation: Use of Violence (felony 2 counts), in violation of La R.S. 14:122; (3) Simple Criminal Damage to Property (misdemeanor), in violation of La R.S. 14:56; (4) Disturbing the Peace (misdemeanor), in violation of La R.S. 14:103; and (5) Resisting an Officer (misdemeanor), in violation of La R.S. 14:108. *Id. at ¶14.*

Plaintiff alleges that Officer Daspit filed a Probable Cause affidavit "knowing it contained false statements and intending or knowing he would materially mislead the reviewing magistrate on the basis for a finding of probable cause for the felony offenses, he lost the shield of qualified immunity." *Id. at ¶15.* The Commissioner of the Fifteenth Judicial District Court conducted a probable cause review on June18, 2018, and set bail for the felonies. Plaintiff alleges that, because of the felony

charges, a probation revocation hold was placed on him and he was incarcerated. *Id. at ¶17.*

On August 9, 2018 the Lafayette Parish District Attorney's Office filed a Bill of Information on all counts except the two counts of Public Intimidation, felony charges, which it declined. *Id. at ¶18.* Plaintiff alleges that at the August 29, 2018 probation revocation hearing, "the prosecutor acknowledged it did not have a valid felony charge" against him. *Id. at ¶19.* He further alleges, "the Fifteenth Judicial District Court revoked Christopher's probation for the misdemeanor offenses, which normally would not have resulted in a sentence of such prolonged confinement, and sentenced him to 63 days confinement with credit for time served." *Id.* On September 13, 2018, the District Attorney's Office dismissed the felony charge of Disarming a Police Officer, in violation of La. R.S. 14:34.6, because the statute in effect at that time required that the weapon being taken must be issued to the officer by his agency and the knife in question was not so issued to Officer Daspit. *Id. at ¶ 20*

Plaintiff concedes "there was probable cause to arrest [him] for the misdemeanor offenses of Simple Criminal Damage to Property in violation of La. R.S. 14:56 and perhaps Disturbing the Peace by Addressing Annoying Words in violation of La. R.S. 14:103A(2)." *Id. at ¶13.* He alleges, however, that Officer Daspit's accusation related to his knife was done "intentionally, knowingly,

willfully, wantonly, maliciously and/or recklessly in disregard for [Plaintiff's] federally and state protected rights." *Id. at ¶12.* As a result, Plaintiff states he was "framed" in order to instigate a probation revocation hold and prolong his incarceration. *Id.*

Plaintiff filed his complaint in this matter on June 10, 2019. *R. 1.* On June 19, 2019, Defendants requested a stay pending the outcome of criminal proceedings against Plaintiff entitled, *State of Louisiana vs. Christopher Liroy Tyson*, Docket Number 167,951, 15th Judicial District Court, Parish of Lafayette, Louisiana. *Id., ¶¶5 & 6.* On September 12, 2019, Plaintiff entered into a plea agreement in which he pled Guilty to Simple Criminal Damage to Property, in violation of La. R.S. 14:56(B)(1), and Disturbing the Peace, in violation of La. R.S. 14:103. The State dismissed the Resisting Arrest charge. Plaintiff was sentenced to 73 days in parish jail on each count, with credit for time served.[1]

Defendants move to dismiss Plaintiff's complaint contending that Plaintiff's claims are barred by the *Heck* doctrine. Alternately, Defendants move to dismiss Plaintiff's false arrest, false imprisonment and/or malicious prosecution claims under both federal and state law for failure to state a claim under Rule 12(b)(6) and/or under the qualified immunity doctrine. *R. 35.* As the analysis under Rule

---

[1] The Court will refer to the facts in the Criminal proceeding and Plea Agreement in this ruling. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011) (it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record).

12(b)(6) resolves the Plaintiff's federal §1983 claims for false arrest, false imprisonment and malicious prosecution, the Court will not consider Defendants' arguments as to the §1983 claims under the *Heck* doctrine and Qualified Immunity.

## II. LAW AND ANALYSIS

### A.    Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'" *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Jefferson v. Lead Industries Ass'n, Inc*., 106 F.3d 1245 (5th Cir. 1997).

"Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does 'not transform the motion into one for summary judgment.'" *Ricardo v. Bank of New York Mellon*, 2017 WL 3424975, at *3 (S.D.Tex., 2017) (quoting *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

## B.    Discussion

Defendants contend that the following § 1983 and Louisiana state law causes of action made by Plaintiff should be dismissed for failure to state a claim: First Claim, § 1983 for Unlawful Seizure and Confinement for Felony Offenses Based Upon False Statements and Fabricated Evidence in violation of the Due Process Clause of the Fourteenth Amendment; Third Claim, § 1983 for Unlawful Initiation of Legal Process and Confinement Based Upon False or Fabricated Evidence in violation of the Due Process Clause of the Fourteenth Amendment; Fourth Claim, Louisiana tort claim for Malicious Prosecution; and Sixth Claim, Louisiana state law claim for Due Process.

### 1.    *Plaintiff's §1983 Claims Against Officer Daspit in His Individual Capacity*

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." 42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Section 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). To state a claim under § 1983, the plaintiff must allege that (1) a state actor, i.e., a person or entity acting under color of state law, (2) deprived the plaintiff of a federal constitutional right. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 867-69 (5th Cir. 2012) (en banc).

State actors may defend themselves by claiming they have qualified immunity for their actions, "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). There is a heightened pleading standard for cases brought under §1983. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). In discharging this burden the plaintiff must satisfy a two-prong test. *Id.* The plaintiff must allege that defendants committed a constitutional violation under current law, and that defendant's actions were objectively unreasonable "in light of the law that was clearly established at the time

of the actions complained of." *Atteberry v. Nocona General Hosp*., 430 F.3d 245, 253 (5th Cir. 2005).

a.  *Plaintiff's Fourteenth Amendment Substantive Due Process Claims*

In his original complaint, Plaintiff alleged that his *Fourth* Amendment rights were violated based on his "Unlawful Arrest and False Imprisonment", *R. 1*, *First Claim*, and "Malicious Prosecution or Unlawful Confinement", *Id., Third Claim*. Now, in his Amended Complaint, Plaintiff alleges a cause of action for "Unlawful Seizure and Confinement for Felony Offenses based Upon False Statements and Fabricated Evidence" in  his First Claim, and "Unlawful Initiation of Legal Process and Confinement Based Upon False or Fabricated Evidence" in his Third Claim, both in violation of the Due Process Clause of the *Fourteenth Amendment*. The Court agrees with the Defendants that Plaintiff's amendments to the wording of these claims "constitutes nothing more than word play, with no difference of any legal significance or importance...." *R. 35, p. 7.* However styled, they continue to reflect Plaintiff's claims for unlawful arrest, false imprisonment, malicious prosecution and unlawful confinement, albeit now under the Fourteenth Amendment.

Generally, Plaintiff alleges that Officer Daspit "filed a Probable Cause affidavit ... knowing it contained false statements and intending or knowing he would materially mislead the reviewing magistrate on the basis for a finding of probable cause for the felony offenses...." *R. 31, at ¶15*. He further alleges that these

false accusations resulted in his arrest, prolonged detention, and probation revocation thereby depriving him of his "liberty interest ... without due process of law" contrary to the Fourteenth Amendment. *R. 41, p. 25.* Plaintiff concedes that his arrest for the misdemeanors—destroying public property and disturbing the peace—were made with probable cause. He maintains, however, that the felony charges were made without probable cause.

First, the Court cannot not assume the truth of Plaintiff's allegation that Daspit filed the probable cause affidavit "knowing it contained false statements and intending or knowing he would materially mislead the reviewing magistrate." *See Morin v. Caire*, 77 F.3d 116, 121 (5th Cir.1996) (dismissal proper where the complaint alleged that an officer "knew, or should have known, that the statements of a witness were false, without pleading factual allegations indicating that the statements are indeed false, or facts indicating that no reasonable police officer would have believed the statements"). Additionally, the Court cannot assume the truth of Plaintiff's bare assertion that Officer Daspit's order to "stop trying to get my knife" was based on a plot to "frame" him. *See Peñalbert–Rosa v. Fortuño–Burset*, 631 F.3d 592, 595 (1st Cir.2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'")(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n. 5 (2007)).

Assuming, nevertheless, that Plaintiff's allegations are true, the Supreme Court has warned that there is no right under the Fourteenth Amendment "to be free from criminal prosecution except upon probable cause." *Albright v. Oliver*, 510 U.S. 266, 268 (1994). "Even supposing that *Albright* might not have eliminated all due process protection against an officer's allegedly unconstitutional conduct, the situations in which the Fourteenth Amendment could conceivably provide an avenue to relief would be limited." *Jones v. Perez*, 790 Fed.Appx. 576, 582 (5th Cir. 2019). "Where police intentionally fabricate evidence and successfully get someone falsely charged with a felony as a cover for their colleagues' actions, and the Fourth Amendment is unavailing, there may be a due process violation." *Id.* (quoting *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir 2015). Thus, the Fifth Circuit recognizes "a due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person." *Cole,* 802 F.3d at 777.

In *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), the Supreme Court explained that substantive due process is violated by executive action "only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 847. The *Lewis* Court found that a police officer's deliberate indifference during a high-speed chase that caused the death of a motorcyclist did not "shock the conscience." The Court, however, left open the possibility that

unauthorized law enforcement behavior in other contexts might "shock the conscience" and give rise to § 1983 liability. *Id*. at 836–37, 850, 854.

Conduct sufficient to shock the conscience for substantive due process purposes has been described as conduct that "violates the decencies of civilized conduct"; conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency"; conduct that "interferes with rights implicit in the concept of ordered liberty"; and conduct that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012). As one court has recently summarized, "[t]he burden to show state conduct that shocks the conscience is extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith to something more egregious and more extreme." *Id.* at 868 (citing *J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir.2010)).

Based on the foregoing, the Court finds that Plaintiff's allegations of Officer Daspit's alleged falsification of the probable cause affidavit are insufficient to state a substantive due process violation. Plaintiff alleges that the felony charge of disarming of a police officer was fabricated by Officer Daspit, and that he filed a Probable Cause affidavit "knowing it contained false statements and intending or knowing he would materially mislead the reviewing magistrate on the basis for a

finding of probable cause for the felony offenses...." Courts have held that such allegations do not support an independent Fourteenth Amendment "liberty interest" or substantive due process right to be free from criminal prosecution unsupported by probable cause. *See Cuadra v. Houston Independent School Dist*., 626 F.3d 808, 814 (5th Cir. 2010) ("Cuadra's Fourteenth Amendment claims are based on alleged pretrial deprivations of his constitutional rights and, under the holding in *Albright*, such claims should be brought under the Fourth Amendment.") (citing *Albright v. Oliver*, 510 U.S. 266, 270–71 (1994)); *Blackwell v. Barton,* 34 F.3d 298, 302 (5th Cir.1994) (holding that while the plaintiff alleged that her arrest and detention violated both the Fourth and Fourteenth Amendments, her claim was "properly considered under the Fourth Amendment, the more specific constitutional right implicated by her allegations"); *Castellano v. Fragozo*, 352 F.3d 939, 946-47 (5th Cir.2003) (en banc)).

In *Albright*, the Supreme Court held there was no Fourteenth Amendment "liberty interest" or substantive due process right to be free from criminal prosecution unsupported by probable cause. *Id*. at 270–71; *Castellano v. Fragozo*, 352 F.3d 939, 946 (5th Cir. 2003). Rather, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process" must be the guide for analyzing these claims.'" *Albright*

at 273. The *Albright* Court held that the plaintiff's claims based on prosecution without probable cause were best analyzed under the Fourth Amendment, as the "Framers [of the Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id*. at 274; *see also Deville v. Marcantel*, 567 F.3d 156, 169–70 (5th Cir. 2009) ("the initiation of criminal charges without probable cause may set in force events that run afoul of the Fourth Amendment if the accused is seized and arrested or other constitutionally secured rights if a case is further pursued. However, these are not claims for malicious prosecution.").

Plaintiff was not convicted of a crime based on false evidence. Rather, he complains of alleged deprivations of his pretrial rights. Thus, Plaintiff's Fourteenth Amendment claims are based on alleged pretrial deprivations of his constitutional rights. As established by the foregoing jurisprudence, these allegations are properly analyzed under the Fourth Amendment rather than under the heading of the Fourteenth Amendment's substantive due process. Such a claim is not a viable Fourteenth Amendment claim. *See Cuadra ,* 626 F.3d at 814.

### 2.  *Plaintiff's State Law Claims*

#### a. Malicious Prosecution

Plaintiff concedes that Officer Daspit had probable cause to arrest him for the misdemeanor offenses that were committed before Officer Daspit's arrival at the

hospital emergency room. *R. 20-2, ¶13*. Plaintiff argues, however, that after Officer Daspit arrived, he used excessive force and made false statements in the Probable Cause affidavit that Plaintiff resisted him and tried to take his knife. Based on these allegations, he contends that Officer Daspit lacked probable cause for the felony charges against him. Plaintiff alleges a malicious prosecution claim in violation of Louisiana state law based on Officer Daspit's "arresting, confining, and causing the initiation of felony criminal charges based upon false statements and fabricated evidence." Officer Daspit opposes Plaintiff's claims, arguing that any such separation of felony and misdemeanor charges would be barred by the *Heck* favorable termination rule.

Under Louisiana law, the elements of the tort of malicious prosecution are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Lemoine v. Wolfe*, 168 So.3d 362 (La. 2015) (citing *Jones v. Soileau*, 448 So.2d 1268, 1271 (La.1984)). Defendants do not address whether or not Plaintiff has established a Louisiana state malicious prosecution claim, but merely contend that "the underlying criminal proceeding was not terminated in Plaintiff's favor, as he pled guilty to and

stands convicted of disturbing the peace and simple criminal damage to property." The Court finds that the allegations in Plaintiff's Amended Complaint facially satisfy the elements, except three and five which require further analysis by the Court.

As to element number three, whether there was a "bona fide dismissal" in favor of the plaintiff, the Court looks to the Louisiana Supreme Court's holding in *Lemoine*. *Lemoine* involved a certified question posed by the U.S. Fifth Circuit Court of Appeal as to whether a criminal prosecution that was *nolle prosequi* could satisfy the bona fide termination requirement in a malicious prosecution case. The Supreme Court answered the question by stating that a *nolle prosequi* would constitute a bona fide termination in favor of the accused for purposes of the malicious prosecution case "when the circumstances surrounding the dismissal of the criminal proceeding support an inference that there existed a lack of reasonable grounds to pursue the criminal proceeding"– as opposed to i.e., a dismissal based on a compromise. *Id.* at 374.

In this case, Plaintiff alleges that the District Attorney's Office dismissed the felony charge for Disarming a Police Officer because the statute in effect at that time required that the weapon being taken must be issued to the officer by his agency. Officer Daspit's knife was not issued by the police department (government issued) as required by the statute, therefore the statute did not apply. As Plaintiff has alleged

that the basis for dismissal of the felony charge was because there were no grounds to pursue the charge as no such statute existed, the dismissal constituted a "bona fide" termination in his favor.

As to element number five, "a police officer who allegedly made material omissions and false statements in an affidavit underlying an arrest does not engage in false imprisonment, malicious prosecution, or abuse of process, as to arrestees, absent evidence of malice or ulterior motive. *Jenkins v. Baldwin*, 801 So. 2d 485, 497 (La. App. 4th Cir. 8/29/01), (citing *Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996)). Under Louisiana law, the tort of malicious prosecution requires malice as an essential element. *Id*. Malice may be inferred from a lack of probable cause, or from a finding that the defendant acted in reckless disregard of the other person's rights. *Jenkins*, 801 So.2d at 497 (citing *Miller v. East Baton Rouge Parish Sheriff's Dep't*., 511 So.2d 446, 453 (La.1987)).

Plaintiff specifically alleges that Officer Daspit's action were taken with malice and/or reckless disregard for his rights. *R. 31, ¶12*. He also alleges that Officer Daspit's Probable Cause affidavit related to the felony charges contained false statements, satisfying the fifth element of the state malicious prosecution charge. *Id. at ¶15*. Accordingly, the Court finds that Plaintiff's claims are sufficient to state a cause of action for malicious prosecution under Louisiana law. The Court, however, must now address Defendants' alternative argument that *Heck v.*

*Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's state malicious prosecution claim. See *Abshire v. Crump*, 285 So.3d 22, 27 (La.App. 2 Cir., 2019) (citing *Williams v. Harding*, 117 So. 3d 187 (La. App. 1 Cir., 2013) ("Louisiana applies *Heck* to federal § 1983 claims and to state tort claims equally.").

It is well settled under *Heck* and its Fifth Circuit progeny that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights unless: (1) the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated; or (2) can show that the alleged violation and the underlying conviction are separable and conceptually distinct." *Williams v. Town of Delhi*, 2015 WL 868746, at *3 (W.D.La. 2015) (citing Bush v. Strain, 513 F.3d 492, 497 (5th Cir.2008) and *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)). Determination of whether the conviction and alleged violation are "conceptually distinct" is an "analytical and fact intensive" undertaking that requires the examining court "to focus on whether success on the excessive force claim requires negation of an element of the criminal offense." *Bush v. Strain,* 513 F.3d 492, 497 (citing *Ballard*, at 396).

In *Bush*, the court held that an excessive force claim was separable from the plaintiff's resisting arrest conviction because the facts of that case were such that the arrest could be separated into two distinct stages-the first stage consisting of the period when the plaintiff was unrestrained and resistant and the second stage

occurring when the plaintiff was handcuffed and compliant. *Bush*, at 499. Because the judge in the criminal proceeding did not clearly indicate that the conviction was predicated on the plaintiff's alleged resistance in the second stage, the Fifth Circuit held that the plaintiff's excessive force claim in the second stage was separable and not barred by *Heck. Id.* The Court stated, "a §1983 claim would not necessarily imply the invalidity of a conviction such as resisting arrest, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id.* at 498.

When confronted with a § 1983 claim, *Heck* requires the court to first consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard* at 396. Thus, "a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." *Bush*, at 498 (citing Ballard at 400).

In this case, Plaintiff specifically alleges in his Amended Complaint that Officer Daspit used excessive force against him after he was restrained. He further alleges that his claims of excessive force and false/fabricated evidence against Officer Daspit are separable from his conviction for property damage and disturbing the peace for which he alleges Officer Daspit had probable cause to arrest him. The

Court finds, based on the pleadings, that a judgment in favor of Plaintiff's state malicious prosecution claim for the felony charges would not necessarily imply the invalidity of his conviction based on the separate misdemeanor charges for which he admits probable cause. The Court expresses no comment on the merits of Plaintiff's § 1983 claims, finding only that Plaintiff's allegations in his Amended Complaint satisfy the plausibility standard that *Heck's* favorable termination claim would not apply to bar his state malicious prosecution claim.

Finally, Defendants contend that Officer Daspit is entitled to qualified immunity for the state malicious prosecution claim because "Plaintiff's guilty plea establishes the existence of probable cause for his arrest such that qualified immunity should be granted to Officer Daspit." In light of the vague nature of Officer Daspit's immunity defense and his failure to address the allegations that the felony charges were related to acts after Plaintiff was restrained, the Court finds that issues of fact exist as to Officer Daspit's conduct at the time of the alleged action. See *Clouatre v. Taylor*, 1998 WL 46819 (E.D.La. Feb. 4, 1998) (denying motion to dismiss on grounds of qualified immunity because issues of fact existed as to the illegality of the defendants' conduct at the time of the alleged act). The undersigned recommends that the motion to dismiss be denied subject to the right to reurge a dispositive motion once limited discovery related to the issue of qualified immunity has been completed.

b.  *Due Process*

Plaintiff also alleges that his due process rights guaranteed by Article 1, Section 2 of the Louisiana Constitution of 1974 have been violated. Louisiana courts use essentially the same inquiry for analyzing procedural due process violations as is used under the Fourteenth Amendment of the United States Constitution. *See, e.g., Delta Bank & Trust Co. v. Lassiter*, 383 So.2d 330, 334 (La.1980); *N.S. v. City of Alexandria*, 2014 WL 4274108, at *5 (W.D. La. Aug. 28, 2014) (Because the Louisiana Constitution offers the same due process protections as that under the Fourteenth Amendment, the same analysis applies with respect to both claims.), Just as with substantive due process claims under the Fourteenth Amendment, under Louisiana Due Process law the state actor's conduct must be so egregious that it may be said to "shock the conscience" for it to constitute a due process violation. *Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 672 n.3 (5th Cir. 2007).

Therefore, the law and analysis applicable to Plaintiff's federal procedural due process claim also applies to Plaintiff's state law claim.  In this case, Plaintiff's claims under state law, just as Plaintiff's claims under the Fourteenth Amendment, fail to allege any conduct by Defendants that was so egregious that it may be said to shock the conscience. Accordingly, Plaintiff's Louisiana due process claims fail as a matter of law. *Duncan v. Wiggins,* 2020 WL 625210, at *2 (W.D.La., 2020).

### III.   CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Re-urged Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed by Defendants, Lafayette City-Parish Consolidated Government and Officer Philip Matthew Daspit, in his individual capacity as a police officer for LCG, [Rec. Doc. 35], be GRANTED IN PART and Plaintiff's claims under 42 U.S.C. § 1983, No. 1 for unlawful seizure and confinement, and No. 3 for unlawful initiation of legal process, and Plaintiff's state law claim, No. 6 for due process, be dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6); and DENIED IN PART as to Plaintiff's claim under 42 U.S.C. § 1983, No. 2 for excessive force and his state law claim, No. 4 for malicious prosecution.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 28th day of May, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE